IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SHANE LEE HALE, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>    Respondent. ) | Civil No. 7:08-CV-141-O |

MEMORANDUM OPINION AND ORDER

  This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Ramsey I Unit of the Texas Department of Criminal Justice in Rosharon, Texas. Upon preliminary review, it appeared to the Court that the petition was likely barred by the one-year statute of limitations applicable to § 2254 habeas petitions. On July 10, 2009, an order was entered directing the Respondent to file a preliminary response addressing the statute of limitations issue. On September 1, 2009, Respondent filed his preliminary response in which he argues that the instant petition is time-barred. Petitioner has not filed a response. Upon further review of the papers, pleadings and state court records filed in this action, the Court finds and orders as follows:

  In the 271st District Court of Wise County, Texas, Petitioner was convicted on two charges of aggravated sexual assault of a child. *State v. Hale*, Nos. 12,074-A and 12,076-A (271st District Court of Wise County, Texas 2004). He was sentenced to life imprisonment in case no. 12,074-A and ninety-nine years' imprisonment in case no. 12,076-A. *Id.* On August 31, 2006, the Second Court of Appeals affirmed Hale's convictions. *Hale v. State*, Nos. 02-05-024-CR & 02-05-025-CR (Tex. App.-- Ft. Worth, no pet.). He did not file a motion for rehearing, a petition for discretionary review or a petition for writ of certiorari. *Petition ¶ 9; Respondent's Answer, Exhibit A; Hale v.*

*State*, Nos. 02-05-024-CR & 02-05-025-CR (see docket sheets). Therefore, Hale's convictions became final, for purposes of the statute of limitations, on October 2, 2006. *See* Tex. R. App. Proc. 68.2 (West 2006) (petition for discretionary review must be filed within thirty days after the court of appeals renders judgment or within thirty days after the last timely motion for rehearing is overruled).

Petitioner filed two state applications for habeas relief without success. *Ex parte Hale*, Art. 11.07 App. No. WR-68,593-01 (challenging trial court cause no. 12,074-A, life sentence); *Ex parte Hale*, Art. 11.07 App. No. WR-68,593-02 (challenging trial court cause no. 12,076-A, 99-year sentence). He now seeks federal habeas relief on the following grounds:

1. he was convicted based upon false allegations of sexual abuse of his daughter by the victim's mother for the purpose of revenge;

2. he was denied effective assistance of counsel at trial;

3. he was denied effective assistance of counsel on appeal, and;

4. he was denied a fair and impartial trial when the trial court abused its discretion by making prejudicial and harmful rulings.

*Petition ¶ 20.A-C and attachments thereto*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Hale's conviction became final on October 2, 2006, the last day on which he could have filed a petition for discretionary review. Absent tolling, the statute of limitations would have run through October 2, 2007. A properly filed state habeas application will toll the statute of limitations during the time in which any such application is pending. 28 U.S.C. § 2244(d). Petitioner's first state habeas application was filed on August 31, 2007, which stopped the running of the statute of limitations for one charge 32 days prior to expiration. *Ex parte Hale*, App. No. WR-68,593-01, Event ID 2306155 at p. 257 (attacking life sentence). His second state application was filed on September 13, 2007, which stopped the running of the statute of limitations for the second charge 19 days prior to expiration. *Ex parte Hale*, App. No. WR-68,593-02, Event ID 2309577 at p. 4 (attacking ninety-nine year sentence). Both state applications were denied on March 19, 2008 without written order on findings of the trial court without a hearing. *Ex parte Hale*, Apps. No. WR-68,593-01, Event ID 2306155 at cover and WR-68,593-02, Event ID 2309577 at cover. Thereafter, petitioner had 32 days remaining on the statute of limitations for the offense carrying the life sentence and 19 days remaining on the statute of limitations for the offense carrying the ninety-nine

year sentence. His one-year federal deadlines were therefore April 21, 2008 and April 7, 2008 respectively.

On June 23, 2008, Hale filed a motion for reconsideration of his two state habeas applications. *Ex parte Hale*, App. No. WR-68,593-01, Event ID 2335129 at p. 1. The Court of Criminal appeals refused to entertain the motion for reconsideration on June 27, 2008. *Ex parte Hale*, App. No. WR-68,593-01, Event ID 2337345 at p. 2. While a properly filed motion for reconsideration in a state habeas action can toll the one-year federal statute of limitations, Hale's motion for reconsideration of his state habeas applications was filed after the one-year limitation period had run.[1] Additionally, the motion was not granted by the Texas Court of Criminal Appeals. Petitioner cannot revive an expired limitations period by filing a motion for reconsideration with the Texas Court of Criminal Appeals which is later denied. *See Jimenez v. Quarterman*, ___U.S.___, 129 S.Ct. 681, 686 (2009) (holding that "where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."); *Gordon v. Dretke*, 107 Fed. Appx. 404, 406 (5th Cir. Aug.10, 2004) (finding that because the motion for reconsideration was not filed until after the one-year period had expired the petition was untimely unless there was a basis for equitable tolling) (unpublished); *see also Wilson v. Dretke*, No. 3:04-CV-0933-R, 2005 WL 3534221 (N.D. Tex. Nov. 30, 2005) (holding the petitioner's motion for reconsideration did not toll the limitations period because it was filed after the limitations period had already expired). Even assuming *arguendo* that Petitioner's motion for reconsideration, which was pending for five days, resulted in five additional days on the statute of limitations, the instant

---

[1] Texas law provides that "[a] motion for rehearing an order that denied habeas corpus relief ... may not be filed." Tex. R. App. P. 79.2(d) (West 2009). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in ... Rule 79 .2(d)." *Emerson v. Johnson*, 243 F.3d 931, 934 (5th Cir. 2001).

case was filed on August 14, 2008, almost four months after the latest of the one-year limitation periods expired.[2]

Prior to issuing process to the Respondent in this action, the Court ordered Petitioner to file a statement showing cause as to why the instant case is not time-barred.  In response, Petitioner argues that he filed two motions for extension of time in which to file a petition for discretionary review with the Texas Court of Criminal Appeals.  *See* Doc. No. 6.  Hale argues that the federal statute of limitations should be tolled for the period of time his motions for extension of time were pending.  *Id.*

Hale's convictions were affirmed by the Second Court of Appeals on August 31, 2006.  *Hale v. State*, Nos. 02-05-024-CR & 02-05-025-CR (Tex. App.-- Ft. Worth, no pet.).  Hale was required to file a petition for discretionary review within thirty days of that decision, the last day to file being October 2, 2006.  See Tex. R. App. Proc. 68.2(a) (West 2006).  Alternatively, he could have requested an extension of time in which to file a petition for discretionary review within the next fifteen days, on or before October 17, 2006.  *Id.* at 68.2(c).  Hale states the he filed his two motions for extension of time in which to file a petition for discretionary review on December 1, 2006 and on December 22, 2006.  *Petitioner's Response to the Court's Order to Show Cause, Doc. No. 6, at p. 2.*  The motions were denied by the Texas Court of Criminal Appeals on December 13, 2006 and January 3, 2007 respectively.  *See Copies of Notices from Court of Criminal Appeals.*  Where a state court has reopened direct review, the conviction is rendered nonfinal during the pendency of the reopened appeal for purposes of the one-year federal statute of limitations.  *Jimenez*, 129 S.Ct. at

---

[2] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).  Hale signed his petition on August 14, 2008.  *Petition p. 21*.  Therefore, the Court will presume that is his filing date for purposes of this opinion.

686. However, in the instant case, direct review was not reopened. Therefore, statutory tolling of the limitation period does not apply.

The Court further notes that Hale's motions for extension of time in which to file a petition for discretionary review were untimely under Rule 68.2, Texas Rules of Appellate Procedure. Hale states that he first learned that his convictions had been affirmed on direct appeal on or about November 27, 2006. *Petition at pp. 15-16; Petitioner's Response to the Court's Order to Show Cause, Doc. No. 6, at p. 2.* He argues that, because his motions for extension of time in which to file a petition for discretionary review were filed immediately upon learning that his conviction had been affirmed, the statute of limitations should be tolled through January 3, 2007, the day his second such motion was denied.

The state habeas court found that Petitioner was timely informed that his convictions had been affirmed on direct appeal. *Ex parte Hale*, App. No. WR-68,593-01, Event ID 2322336 at p. 1. The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Although Hale has presented his own statement and the affidavit of his mother which both indicate that he did not receive timely notice of the decision on his direct appeal, Hale has failed to rebut the presumption of correctness of the state court's finding by clear an convincing evidence. *See Petitioner's Response to the Court's Order to Show Cause, Doc. No. 6, at Exhibit D.*

Petitioner has not shown that he is entitled to statutory tolling of the limitation period under § 2244(d)(1)(B), (C) or (D). He has not shown that he was prevented from filing his habeas petition by state action in violation of the Constitution or laws of the United States, he has not shown that any new constitutional right affecting his case has been recognized by the Supreme Court and made

retroactive on collateral review and he has not shown the he could not have discovered the factual predicates underlying his grounds for relief in a timely manner.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392

(5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).  In the case at bar, Petitioner has not presented any arguments, facts or circumstances sufficient to warrant equitable tolling.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is hereby DISMISSED as TIME-BARRED.

The Clerk of Court shall transmit copies of this Memorandum Opinion and Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 11th day of December, 2009.

                                                  **Reed O'Connor**
                                    **UNITED STATES DISTRICT JUDGE**